# Matter of Miguel Angel CASTRO-LOPEZ, Respondent

*Decided December 2, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The 10 years of continuous physical presence required by 8 C.F.R. § 1240.66(c)(2) (2015) for aliens seeking special rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, tit. II, 111 Stat. 2160, 2193, 2196 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997), should be measured from the alien's most recently incurred ground of removal, at least where that ground is among those listed in 8 C.F.R. § 1240.66(c)(1).

FOR RESPONDENT: Luis Carlos Diaz, Esquire, Silver Spring, Maryland

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kellie Santos-DeJesus, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY and WENDTLAND, Board Members; O'Herron, Temporary Board Member.

PAULEY, Board Member:

In a decision dated February 5, 2015, an Immigration Judge granted the respondent's application for special rule cancellation of removal pursuant to section 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, tit. II, 111 Stat. 2160, 2193, 2196 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997). The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained and the record will be remanded for further proceedings.

The respondent is a native and citizen of El Salvador who most recently entered the United States without inspection in 1996. He has remained in this country unlawfully since that time. The respondent was convicted of possession of cocaine in Maryland on July 13, 2012.

The DHS initiated removal proceedings against the respondent, charging that he is inadmissible under sections 212(a)(6)(A)(i) and (2)(A)(i)(II) of the Act, 8 U.S.C. §§ 1182(a)(6)(A)(i) and (2)(A)(i)(II) (2012), as an alien who is present in the United States without being admitted and who has been convicted of a controlled substance violation. The Immigration Judge found the respondent removable on both grounds.

The respondent applied for special rule cancellation of removal under the NACARA. Because of his controlled substance conviction, the Immigration Judge applied the heightened standards for establishing continuous physical presence set forth in 8 C.F.R. § 1240.66(c) (2015), which provides, in pertinent part, as follows:

> *Aliens inadmissible or deportable on criminal or certain other grounds.* To establish eligibility for special rule cancellation of removal under section 309(f)(1)(B) of IIRIRA, as amended by section 203 of NACARA, the alien must be described in § 1240.61 and establish that:
>   (1) The alien is inadmissible under section 212(a)(2) of the Act (relating to criminal activity) . . . ;
>   (2) The alien has been physically present in the United States for a continuous period of not less than 10 years *immediately following the commission of an act, or the assumption of a status constituting a ground for removal*;
>    . . . .

(Second emphasis added.)

It is undisputed that these heightened standards apply. At issue, however, is whether the respondent established the required 10 years of continuous physical presence immediately following the assumption of a status constituting a ground for removal. The Immigration Judge found that when the respondent entered the United States illegally in 1996 and remained in violation of law, he assumed a status that would constitute a ground for removal, from which his continuous physical presence should be counted. The DHS contends that the Immigration Judge erred in finding that the respondent met the 10-year physical presence requirement because continuous physical presence should be measured from the most recently incurred ground of removal, which, in this case, is the respondent's 2012 conviction. We review this question of law de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2015).

We conclude that, in calculating continuous physical presence for special rule cancellation of removal under circumstances such as those presented in this case, the alien's most recent ground of removal controls.[1] Contrary to the Immigration Judge, who found that the language of the regulation is straightforward, we find it to be ambiguous. It does not address the situation where there is more than one act or event that renders an alien removable, as is the case with the respondent.

---

[1] We need not address whether 8 C.F.R. § 1240.66(c)(2) is limited to the criminal grounds set forth in 8 C.F.R. § 1240.66(c)(1) because the DHS has not presented that issue on appeal. In any case, the respondent's most recent act involved a criminal ground listed in 8 C.F.R. § 1240.66(c)(1), namely, section 212(a)(2) of the Act.

Since 8 C.F.R. § 1240.66(c) essentially adopts the framework for suspension of deportation under former section 244(a)(2) of the Act, 8 U.S.C. § 1254(a)(2) (1994), we find that our prior treatment of applications for that relief provides helpful guidance in interpreting the regulation. *See Matter of Romalez*, 23 I&N Dec. 423, 427 (BIA 2002) ("Applicants for special rule cancellation of removal under the NACARA are subject to either a 7-year or 10-year continuous physical presence requirement consistent with the suspension of deportation provisions of prior law."); *see also Cuadra v. Gonzales*, 417 F.3d 947, 949 (8th Cir. 2005) (noting that the NACARA allows certain aliens "to seek relief under conditions approximating . . . suspension of deportation").

In *Matter of Wong*, 13 I&N Dec. 427 (BIA 1969), we addressed a split in the circuit courts regarding the question of how to measure physical presence for suspension of deportation when more than one deportation ground exists. We first noted that in *Fong v. INS*, 308 F.2d 191 (9th Cir. 1962), the United States Court of Appeals for the Ninth Circuit had held that the 10-year period of physical presence required for suspension of deportation starts with the commission of the first deportable act.[2] However, we observed that the Ninth Circuit's decision had been rejected by other circuits, which determined instead that the period of physical presence ran from the commission of the last deportable act.

Specifically, in *Patsis v. INS*, 337 F.2d 733, 740 (8th Cir. 1964), the Eighth Circuit stated that the required 10 years of physical presence was a "testing period," which Congress "felt to be of sufficient length to provide enough assurance that the alien would be an acceptable addition to society despite any misstep of a decade or more ago." Noting that the statute was "somewhat ambiguous," the Second Circuit agreed that an alien who committed a deportable act within the 10-year "probationary period" should not be allowed to apply for suspension of deportation. *Gagliano v. INS*, 353 F.2d 922, 929 (2d Cir. 1965). Two other circuits, the Sixth and the Third, had issued decisions prior to *Fong* that seemed to be in accord.[3] *See Matter of Wong*, 13 I&N Dec. at 429. Concluding that it was in the interest

---

[2]   Former section 244(a)(2) of the Act, 8 U.S.C. § 1254(a)(2) (1964), at issue in *Wong*, was a later version of the provision that had been addressed by the Ninth Circuit, which acknowledged that the "manner in which [the statute was] worded left it open to two possible constructions." *Fong v. INS*, 308 F.2d at 194. Both sections used the same language regarding physical presence, requiring a continuous period of not less than 10 years "immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation."

[3]   In addressing the circuit split, we did not discuss any cases decided by the Fourth Circuit, in whose jurisdiction this case arises. Nor are we now aware of any pertinent precedent issued by that court.

of uniformity to follow the majority view, we held that when there is more than one ground of deportation, the period of continuous physical presence should be measured from the date of the last deportable offense. *Id.* at 430.

We find no reason to alter our interpretation of the continuous physical presence requirement for special rule cancellation of removal under 8 C.F.R. § 1240.66(c)(2), whose language is substantively identical to that of the suspension of deportation statute we addressed in *Wong*. Therefore, for purposes of special rule cancellation of removal under the NACARA, we hold that continuous physical presence should be measured from the alien's most recently incurred ground of removal, at least if that ground is set forth in 8 C.F.R. § 1240.66(c)(1). *See generally Auer v. Robbins*, 519 U.S. 452, 461 (1997) (stating that an agency's interpretation of its own regulation is "controlling unless 'plainly erroneous or inconsistent with the regulation'" (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359 (1989))).

The respondent's July 13, 2012, conviction for possession of cocaine is his most recent ground of removal. Consequently, his continuous physical presence should be measured from that date. Because he is unable to show that he has the required 10 years of physical presence, we conclude that the Immigration Judge erred in finding that the respondent established eligibility for special rule cancellation of removal. Accordingly, the DHS's appeal will be sustained in regard to the Immigration Judge's grant of that relief.

The Immigration Judge did not adjudicate the respondent's other applications for relief from removal. The record will therefore be remanded, and the respondent may apply for any relief for which he may be eligible. The parties should be permitted to update the record with additional evidence.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.