**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS PENA, | No.   16-73386 |
| Petitioner, | Agency No. A029-136-829 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Jose Luis Pena, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying relief under the Nicaraguan Adjustment and

Central American Relief Act ("NACARA") and asylum and related relief.  We

have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We review for substantial evidence the agency's denial of asylum, withholding of removal, and relief under the Convention Against Torture. ("CAT"). *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). We deny the petition for review.

The agency did not err in determining Pena is ineligible for NACARA relief, where it properly determined that the time period for establishing good moral character began with Pena's 2008 conviction. *See Campos-Hernandez v. Sessions*, 889 F.3d 564, 571 (9th Cir. 2018) (deferring to *Matter of Castro-Lopez*, 26 I. & N. Dec. 693 (BIA 2015) to determine the ten-year continuous physical presence period runs from the most recent commission of an act constituting a ground for removal); 8 C.F.R. § 1240.66(c)(3) (good moral character is required during the period of continuous physical presence).

Substantial evidence supports the agency's finding that Pena did not establish past persecution, where the threats he received from guerillas were never realized and stopped soon after he relocated. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (most threats do not rise to the level of persecution). Accordingly, he was not entitled to a presumption that he had a well-founded fear of future persecution. *See id.* at 1154 n.4. Substantial evidence also supports the agency's finding that Pena could not establish an objectively reasonable fear of future persecution, where his fear of any former or current guerilla causing him

harm was speculative. *See id.* at 1154 (fear of future persecution was too speculative to support an asylum claim).

Substantial evidence supports the denial of relief under the CAT, where Pena has not shown it is more likely than not he will be subjected to torture in El Salvador by or with the acquiescence of a public official. *See* 8 C.F.R. § 1208.18(a)(1).

**PETITION FOR REVIEW DENIED.**